**Richard M. Van Dyke, Plaintiff-Appellant, v. Board of Education of School District No. 57, Cook County, Illinois, Defendant-Appellee.**

Gen. No. 53,021.

First District, First Division.

June 6, 1969.

Ligtenberg, Goebel & DeJong, of Chicago (John Ligtenberg, Andrew J. Leahy and Mary Lee Leahy, of counsel), for appellant.

Ancel, Stonesifer & Glink, of Chicago (Louis Ancel, Marvin J. Glink and Joseph A. Murphy, of counsel), for appellee.

MR. JUSTICE MURPHY delivered the opinion of the court.

This is an administrative review action. Plaintiff seeks the reversal of an administrative decision of the defendant Board of Education, which transferred plaintiff from the position of principal to that of classroom teacher at the uniform salary for teachers in the classification to which he was transferred. On defendant's motion the trial court struck plaintiff's amended complaint and dismissed the suit.

On appeal plaintiff contends that (1) the defendant Board of Education's attempt to transfer plaintiff from the position of principal to that of classroom teacher was a violation of the Board's prior voluntary agreement to limit its power to transfer; and (2) the Board's transfer of plaintiff at a reduction in salary because plaintiff

refused to resign was a violation of plaintiff's tenure rights, and the transfer was in reality a dismissal or removal requiring compliance by the School Board with the Illinois Teacher Tenure Law (Ill Rev Stats, c 122, §§ 24–11 to 24–16).

On May 18, 1966, plaintiff commenced the instant administrative review proceedings. In substance, plaintiff's amended complaint alleged in detail the following: Plaintiff began employment as a principal in defendant's schools in the 1963–64 school year. He continued in that position through 1964–65 and into the 1965–66 school year, when the matters in dispute arose. On January 21, 1966, the Superintendent of Schools asked plaintiff to resign from the school district and threatened plaintiff that if he did not resign, he would assign plaintiff or have plaintiff assigned as a classroom teacher; on February 25, 1966, the defendant Board of Education voted to reassign plaintiff from the position of principal to the position of classroom teacher for the 1966–67 school year, with a salary reduction from $10,800 per year to $9,000 per year, "as determined by placement on the teachers' 1966/7 salary schedule applicable to all certificated employees of the district."

On March 5, 1966, plaintiff notified the defendant that he considered the action of the Board to be a dismissal and requested a bill of particulars and a public hearing. A hearing was conducted and on April 18, 1966, the defendant Board adopted a resolution which included, "This Board therefore holds and it is its decision that the provisions of The School Code have been fully complied with and that the resolution of this Board of Education of February 25, 1966 is reaffirmed and it is its judgment that Richard Van Dyke be transferred to the position of teacher and assigned to such teaching duties as the Superintendent shall deem proper with due regard to Mr. Van Dyke's qualifications."

The amended complaint also alleged that plaintiff held written contracts with the Board for all the years of his employment, and "pursuant to the terms of the written contracts entered into by the parties, the plaintiff was employed as a principal in and for said school district," and served as a principal and had no other duties. The amended complaint charged that the action of the Board in reassigning him "was not made in good faith but was arbitrary, capricious, unreasonable and deliberately calculated to support the unlawful efforts of the Superintendent of Schools in seeking to remove the plaintiff in violation of the Teacher Tenure Act."

The defendant Board moved to dismiss plaintiff's amended complaint and to dismiss the action, asserting that plaintiff's claim or demand was barred by reason of Article 24–11 of the School Code (Ill Rev Stats 1965, c 122), which section provides inter alia:

> " '[T]eacher' means any or all school district employees regularly required to be certified under laws relating to the certification of teachers . . . . This section and succeeding sections do not modify any existing power of the board except with respect to the procedure of the discharge of a teacher and reductions in salary as hereinafter provided. Contractual continued service status shall not restrict the power of the board to transfer a teacher to a position which the teacher is qualified to fill or to make such salary adjustments as it deems desirable, but unless reductions in salary are uniform or based upon some reasonable classification, any teacher whose salary is reduced shall be entitled to a notice and a hearing as hereinafter provided in the case of certain dismissals or removals."

Defendant's motion to dismiss further stated that "any public hearing furnished to the plaintiff was strictly

13

gratuitous and not required by statute," and that plaintiff was not entitled to any administrative review of the final decision of the Board of Education "since this was not a tenure dismissal action on the part of the Board of Education, but merely a transfer and therefore not reviewable under the provisions of the administrative review act."

On January 23, 1968, the trial court entered an order which allowed defendant's motion and dismissed the action. This is the order from which plaintiff appeals.

On appeal plaintiff concedes that boards of education in Illinois have the power to transfer employees from one position to another but asserts that this power is not absolute, and there are at least three possible limitations which might restrict this power: (1) where the person is not qualified to assume the position to which he is assigned; (2) where the board exercises its power in bad faith; and (3) where the board has voluntarily agreed to limit its power to transfer. Plaintiff states that limitation (1) is not involved in this case.

Initially, and as to plaintiff's assertion that the Board voluntarily limited its power to transfer plaintiff, we note that plaintiff's amended complaint does not include or set forth the "written contracts" or terms thereof, on which plaintiff maintains that he was employed as a principal. Plaintiff's brief states: "It should be further pointed out that these contracts are not part of the record because of the peculiar posture in which this case is presented to the Appellate Court. The contracts with the specific language in it are part of the record which was made before the board of education and which the board of education would normally have been required to file pursuant to the provisions of the Administrative Review Act. However, the sustaining of defendant's motions to dismiss has prevented that record from being filed."

Plaintiff's explanation as to why the alleged contracts or terms thereof are not a part of the instant record is not

14

sufficient to empower this court to consider or interpret the alleged contracts by which plaintiff argues that the Board voluntarily agreed to limit its powers to transfer. Therefore, we have not considered this contention.

Considered next is plaintiff's basic contention that the Board's "transfer of plaintiff at a reduction in salary because plaintiff refused to resign was a violation of plaintiff's tenure rights." Plaintiff submits that his complaint amply shows that the action of the Board in transferring him and reducing his salary "was not bona fide but was in the nature of chicanery or subterfuge designed to subvert the provisions of the Teacher Tenure Law." Plaintiff argues that "a board of education has a duty to exercise its discretion in good faith and when that is challenged by an injured party he should be allowed to present that question either by way of mandamus or as the instant plaintiff has done by filing a suit under the Administrative Review Act."

Plaintiff's authorities in support of this contention include Lester v. Board of Education, 87 Ill App2d 269, 280, 230 NE2d 893 (1967) :

> "[W]e believe that a person serving as superintendent, principal and teacher, or in any two of such positions, may be assigned by the board to any one of the positions he is qualified to fill, provided such action by the board is bona fide and not in the nature of chicanery or subterfuge designed to subvert the provisions of the Teacher Tenure Law."

Also, Wilson v. Board of Education of School Dist. No. 126, 327 Ill App 338, 64 NE2d 380 (1945), where it was concluded that the assignment of a teacher to a position of lower grade at a lower salary, without a hearing or reasons, constituted a removal and a violation of the teacher's tenure rights. There the court said (p 341) :

"It has been repeatedly held that the exercise of discretionary powers under civil service and under teachers tenure statutes must be in good faith and based on actual conditions, and the courts do not approve the discontinuance or abolition of a position, or transfer, or reduction of salary where the real motive is to remove the employee from his position, without justification."

We note that the Wilson case was reversed by the Supreme Court (394 Ill 197, 68 NE2d 257) because the complaint failed to state that the plaintiff had been employed for the required probationary period of two full years, an essential element to bring a teacher within the provisions of the Teacher Tenure Law. There the court said (p 201):

"The complaint in this case fails to show the appellee has brought himself within the provisions of the Teachers Tenure Law, and hence he was not entitled to a writ of mandamus against the school board and its president and members."

Defendant contends that the transfer of plaintiff from principal to teacher was an exercise of an express power of the defendant Board and was done in full compliance with the School Code and section 24–11, which grants teachers "contractual continued service" following their successful probationary period. Defendant concedes this section limits the Board's right to dismiss a teacher summarily but it does not affect defendant's right to transfer teachers.

Defendant states that plaintiff's argument that once he was appointed a principal, he was entitled to remain a principal, is contrary to the express provisions of section 24–11 of the School Code and the purpose of the Teacher Tenure Law as construed in Donahoo v. Board of Education, 413 Ill 422, 109 NE2d 787 (1952). In Donahoo, it is said (pp 425–26):

16

"The Teacher Tenure Law was enacted primarily for the protection of Illinois teachers who, prior to its enactment in 1941, served at the pleasure of the boards of directors or education. Its object was to improve the Illinois school system by assuring teachers of experience and ability a continuous service and a rehiring based upon merit rather than failure to rehire upon reasons that are political, partisan or capricious. . . . The province of the courts is not to legislate but to interpret. We cannot read out of the statute words which the legislature has placed therein any more than we can read into the statute words which are not within the manifest intention of the legislature as determined by the statute itself."

Defendant maintains that the Teacher Tenure Act is part of a carefully drawn code, and the right of a board to transfer a teacher is left to the complete legislative discretion of the board for it is the one to decide how best to operate its schools. (Scofield v. Board of Education, 411 Ill 11, 20, 103 NE2d 640 (1952).) Defendant argues that the limitations on the part of the board to maintain a thorough and efficient school system in its district must be strictly construed. Cited in support is Anderson v. Board of Education, 390 Ill 412, 61 NE2d 562 (1945), where the court stated (p 422):

"A statute creating a new liability must be strictly construed in favor of persons sought to be subjected to its operation. . . . The Teacher Tenure Law clearly creates a new liability where none would otherwise exist; it makes a contract for the parties by operation of the law, where otherwise none would exist. Therefore, under this rule above quoted, the word 'year' should be given a strict construction and its meaning not extended beyond the ordinary meaning of the word."

17

Defendant asserts that the plain ordinary meaning of the School Code is that neither section 24–11 nor the subsequent sections dealing with dismissal modify the power of the Board to transfer teachers except where the salary is not uniformly reduced or reasonably classified. Defendant argues that plaintiff's salary was reduced to the same as that received by other classroom teachers in his classification, and as the salary limitations were met, he was not entitled to a hearing as in the case of a removal or dismissal.

██ Defendant's motion to dismiss only admitted the facts which were well pleaded in the complaint and not the plaintiff's conclusions or inferences of bad faith or fraud. Adler v. Northern Ill. Gas Co., 57 Ill App2d 210, 219, 206 NE2d 816 (1965).

██ ██ After examining the arguments and the authorities offered by both sides, we believe the guidelines to be used in considering whether plaintiff's complaint is "substantially insufficient in law" are fairly stated in Lester v. Board of Education, 87 Ill App2d 269, 230 NE 2d 893. Under section 24–11 a principal does not acquire tenure as a principal but does acquire tenure as a certified employee of a school district. A school board may transfer a principal to a teaching position at a reduced salary "based upon some reasonable classification," provided the action is bona fide and not "in the nature of chicanery or subterfuge designed to subvert the provisions of the Teacher Tenure Law."

Plaintiff's amended complaint shows that these guidelines were met, subject to plaintiff's charge that the transfer was not made in "good faith" and "deliberately calculated to support the unlawful efforts of the Superintendent of Schools in seeking to remove plaintiff in violation of the Teacher Tenure Act."

██ In our opinion, and subject to constitutional and statutory provisions, school boards must be allowed flexibility consonant with the purposes of the Teacher

18

Tenure Law in the transfer of its certificated personnel. (87 Ill App2d 269, 281, 230 NE2d 893.) Undoubtedly differences frequently arise between school personnel, which result in reassignments or transfers. However, we do not believe that an instance such as that alleged in the instant case is sufficient to conclude that the transfer of plaintiff to a teaching assignment by the defendant Board of Education was not bona fide and required compliance with section 24–12, which provides for "removal or dismissal of teachers in contractual continued service."

For the reasons stated, the order of the trial court is affirmed.

Affirmed.

ADESKO, P. J. and BURMAN, J., concur.