DR. LEO HICKS, Plaintiff-Appellant, *v.* BOARD OF EDUCATION FOR
SCHOOL DISTRICT 189 *et al.*, Defendants-Appellees.

Fifth District   No. 78-483

Opinion filed October 11, 1979.

Richard G. Younge, of East St. Louis, for appellant.

Robert H. Rice, of Belleville, for appellees.

Mr. JUSTICE KASSERMAN delivered the opinion of the court:

Plaintiff, Dr. Leo Hicks, appeals from the judgment of the circuit court of St. Clair County finding in favor of defendant, Board of Education for School District 189, on his action for damages and injunctive relief. In his complaint, plaintiff alleged that the Board improperly transferred and demoted him from his administrative position to mathematics instructor and improperly denied him hearings on certain actions taken by it which affected his employment. Plaintiff also sought injunctive relief and punitive damages from the Board for its allegedly willful failure to process a workmen's compensation claim he filed.

Plaintiff commenced his employment with School District 189 in November 1956 as a teacher. In January 1975 plaintiff, who was then serving in an administrative position and employed under contractual continued service, suffered a work-related injury. He was thereafter paid workmen's compensation temporary total disability benefits until March 1975, when he returned to work. Plaintiff did not return to work during the 1975-76 school term and reported to the Board that he was physically unable to work because of his earlier injury. He was not paid workmen's compensation benefits during that period, however, although the Board processed his claim and forwarded all medical bills he submitted to its workmen's compensation insurer for payment. The record reflects that

plaintiff worked neither the 1976-77 nor 1977-78 school terms and that he received a $39,000 lump-sum settlement for his workmen's compensation claim.

On July 26, 1976, the Board reassigned plaintiff from his administrative position to mathematics instructor without a reduction in salary. The reassignment apparently was made necessary because the Board consolidated plaintiff's administrative position with another and filled the new position with a different administrator who had more seniority than plaintiff. After plaintiff received notice of his reassignment, he submitted a written request to the Board for a hearing and for a bill of particulars, neither of which was granted. Relying on a provision in the collective bargaining agreement between the Board and the teachers' union, plaintiff thereafter requested that he be allowed to choose the school where he would teach mathematics. This request was also not honored by the Board.

On April 5, 1977, the Board notified plaintiff that his salary for the 1977-78 school term would be reduced by approximately $10,000 so as to conform with the then existing teachers' salary schedule. Plaintiff did not return to work during the 1977-78 school term, and in August 1978, he informed the Board that he had been granted a disability pension under the teachers' retirement system.

At the close of all the evidence, the trial court found all the issues raised by plaintiff's four-count complaint in favor of the Board and against the plaintiff and entered judgment for the Board.

The issues raised by plaintiff in this appeal are several but may be condensed into two questions: (1) whether the trial court erred in finding that the Board's reassignment of plaintiff and reduction of his salary were proper where plaintiff was allegedly denied certain contractual and procedural due process rights; and (2) whether the evidence adduced by plaintiff on the issue of the Board's allegedly unreasonable delay in processing plaintiff's workmen's compensation claim justified an award of punitive damages to plaintiff.

We find no error in the decision of the trial court; therefore, we affirm.

■■■ Section 24—11 of the School Code (Ill. Rev. Stat. 1977, ch. 122, par. 24—11), which governs the procedures for removal or transfer of tenured teachers, provides in pertinent part:

"* * * Contractual continued service status shall not restrict the power of the board to transfer a teacher to a position which the teacher is qualified to fill or to make such salary adjustments as it deems desirable, but unless reductions in salary are uniform or based upon some reasonable classification, any teacher whose salary is reduced shall be entitled to a notice and a hearing as

hereinafter provided in the case of certain dismissals or removals. * * *."

Under this section, it has been held that a person serving in an administrative capacity in a school enjoys no property interest in his position as administrator as would require a due process hearing prior to his reassignment to a regular teaching position (*Danno v. Peterson* (N.D. Ill. 1976), 421 F. Supp. 950.) Moreover, in *Lester v. Board of Education* (1967), 87 Ill. App. 2d 269, 230 N.E.2d 893, the court held that the reduction of an employee's salary upon his reassignment to teaching duties from his administrative position was proper where it was based on some reasonable classification and where the reduced salary was equal to that paid by the district to other teachers in the same classification, based upon their training, experience and duties. Further, in *Lester* it was held that section 24—11 does not prohibit the transfer of a school administrator to a teaching position provided such action by the board is bona fide and not in the nature of chicanery or subterfuge designed to subvert the provisions of the School Code.

■■■ We are of the opinion, in view of the foregoing authorities and the provisions of section 24—11, that the Board's reassignment of plaintiff to the position of mathematics instructor and reduction of his salary the following year were not procedurally improper. Contrary to plaintiff's arguments, section 24—11 did not require the Board to give plaintiff 60-day notice prior to the end of the school term or to grant him a hearing prior to his transfer to the position of mathematics instructor and the reduction of his salary the following year. Section 24—11 mandates a notice and a hearing only where the reductions in a teacher's salary are not uniform or are not based upon some reasonable classification. In this regard, the evidence adduced in the trial court sufficiently established that the Board's reduction of plaintiff's salary by approximately $10,000 commencing in the 1977-78 school term was made to conform plaintiff's salary with that paid to other teachers in similar positions with similar qualifications and classification and was not improperly motivated. Therefore, the guaranteed procedural provisions of section 24—11 are not applicable. In addition, we find that the Board's transfer of plaintiff was bona fide and not in the nature of chicanery or subterfuge to subvert the provisions of section 24—11 of the School Code. We note, further, that plaintiff was properly notified 60 days prior to the end of the 1976-77 school year that his salary for the following school term would be reduced and that plaintiff never reported to the classroom pursuant to his reassignment to the position of mathematics instructor.

■■ As part of his argument on this issue, plaintiff also asserts that the Board improperly denied his request, pursuant to the collective bargaining agreement then in force between the Board and Local 1220 of

the Teachers' Union, that he be allowed to select the building where he would teach mathematics. The contract in question, a copy of which was admitted into evidence at trial, recites the parties covered under the contract, and such coverage did not include administrators such as the plaintiff. Moreover, plaintiff has not asserted nor demonstrated how he was prejudiced by the Board's failure to honor his request. In view of plaintiff's refusal to return to work for the Board at any time, this argument by plaintiff is moot.

■■ Plaintiff finally contends that the trial court erred in denying his prayer for an award of punitive damages from the Board. In support of this claim, plaintiff alleges that the evidence adduced below established a deliberate and malicious conspiracy by the Board and its employees to "starve" him into the withdrawal of his lawsuit by its continuous failure to process his workmen's compensation claim. We find this argument to be without merit and wholly without evidentiary basis in the record. Moreover, section 2—102 of the Local Governmental and Governmental Employees Tort Immunity Act (Ill. Rev. Stat. 1977, ch. 85, par. 2—102) specifically immunizes local public entities, here the school district, from liability for the payment of punitive or exemplary damages.

We finally note that any deliberate or malicious delay of workmen's compensation payments may and should be remedied by complaint to the Illinois Industrial Commission pursuant to section 19(k) of the Workmen's Compensation Act (Ill. Rev. Stat. 1977, ch. 48, par. 138.19(k)) which section provides for the allowance of 50% additional compensation of the amount payable at the time of the award.

For the reasons stated, the judgment of the circuit court of St. Clair County is affirmed.

Affirmed.

JONES, P. J., and KARNS, J., concur.