KELLY THRASH, Plaintiff-Appellant, *v.* THE BOARD OF EDUCATION, SCHOOL DISTRICT NO. 189, Defendant-Appellee.

Fifth District   No. 81-217

Opinion filed May 10, 1982.

Gerald L. Montroy, of Cohn, Carr, Korein, Kunin, Schlichter and Brennan, of East St. Louis, for appellant.

Stephen R. Rice, of Rice, Durso & Rice, of Belleville, for appellee.

JUSTICE KASSERMAN delivered the opinion of the court:

Plaintiff, Kelly Thrash, is a tenured teacher for School District No. 189, St. Clair County, teaching at Rock Junior High School. In 1975 he was appointed to the position of "administrative aide" to the principal, an appointment he held through June 1979. In 1979 plaintiff applied for and

was granted a sabbatical leave for the 1979-1980 school year. When he returned in September of 1980, he was involuntarily assigned to teach seventh grade geography full time. In January 1981, he filed a petition in the circuit court of St. Clair County for an injunction to require defendant Board of Education to return him to the position of administrative aide. After an evidentiary hearing, the circuit court denied the petition without findings of fact. This appeal followed.

The issue raised by plaintiff's appeal is whether plaintiff proved his entitlement to be returned to the position of administrative aide upon his return from sabbatical leave. The parties agree that plaintiff's work record is good. No disciplinary motive for the change of duties is suggested.

Plaintiff urges that his claim of entitlement is supported by both the contract between the teachers' union and the school board and by the provisions of section 24—6.1 of the School Code (Ill. Rev. Stat. 1979, ch. 122, par. 24—6.1). Resolution of the instant appeal, therefore, requires consideration of the application of the employment contract to the dispute as well as the legislative purpose to be accomplished by the enactment of section 24—6.1.

■■ As a general matter, it is established that injunctions are to be granted with great caution and only when plaintiff's right to such relief is clearly established and that the grant or denial of an injunction by the trial court is a discretionary matter which should not be reversed absent a showing of an abuse of discretion. *Plasti-Drum Corp. v. Ferrell* (1979), 70 Ill. App. 3d 441, 388 N.E.2d 438.

■■ ■ First we consider whether plaintiff has demonstrated that he is entitled to be reinstated as an administrative aide under the provisions of section 24—6.1 of the School Code. This section states, *inter alia*, that upon expiration of a satisfactorily completed sabbatical leave "the teacher, principal or superintendent shall be returned to a position equivalent to that formerly occupied." In the general conduct of its affairs, the school board has authority to reassign certified personnel to lesser positions, including lower paying positions, for bona fide reasons other than subterfuge designed to subvert the provisions of the teacher tenure law. (See *Van Dyke v. Board of Education* (1969), 115 Ill. App. 2d 10, 254 N.E.2d 76; *Lane v. Board of Education* (1976), 38 Ill. App. 3d 742, 348 N.E.2d 470.) However, section 24—6.1 operates to divest the school board of this authority where an employee has been granted and has successfully completed a sabbatical leave. The statute appears to require, at a minimum, that teachers be returned as teachers, principals as principals, and superintendents as superintendents. Noteworthy is the fact that the statute does not refer to administrative aides, nor to any other specific personnel classifications. Thus our inquiry is whether the legis-

lature intended to require that personnel in classifications other than those specifically enumerated in section 24—6.1 be returned to the classifications they vacated when they left on sabbatical leave and, if so, whether "administrative aide" is such a classification. The parties have provided no controlling authority on this question, and our research has disclosed none.

The position of administrative aide appears to be a creation of the administrators of School District No. 189. The defendant school board does not itself hire administrative aides as such; they are, however, certified teachers. The parties agree that there is no pay differential between the two jobs.

The duties of the two positions differ markedly. As administrative aide, plaintiff's duties were entirely administrative, and he functioned as principal or assistant principal in some situations. As a teacher, plaintiff's duties were limited to teaching. Apparently, plaintiff viewed his own move from teacher to administrative aide as a promotion. This characterization appears to be fair. First, because a transfer from nonadministrative to administrative duties would be considered a promotion in most fields; and, second, because administrative aides are a more exclusive group than teachers, *i.e.*, all administrative aides are teachers, but not all teachers are invited to become administrative aides.

Plaintiff testified that there were 13 to 15 administrative aides in District No. 189. To his knowledge it was custom and practice to return administrative aides to their positions after a sabbatical leave, and this was corroborated by the testimony of the teachers' union president. Plaintiff stated that he had never heard of an administrative aide being returned to teaching before. He became an administrative aide at the request of and on the recommendation of the assistant principal, who recommended him to the principal. He was then recommended by the principal to the central office superintendent, who made the appointment. Plaintiff and the president of the teachers' union agreed that administrative aides were considered teachers in training to be administrators.

Rock Junior High School principal Leroy Howell testified that plaintiff's appointment as administrative aide took no board action and that the decision was almost entirely the principal's. Howell stated that he knew of "a few" instances of aides being returned to teaching but that he did not view that procedure as normal. Howell explained that while plaintiff was on sabbatical leave, Dr. Campbell became administrative aide, specifically to help in "curriculum development," the field in which Campbell had received his doctorate. Howell did not know whether or not plaintiff was educationally prepared to assist in curriculum development.

Dr. Lillian Parks, deputy superintendent of District No. 189, testified

that only teachers and not administrators were eligible for sabbatical leaves. Asked whether aides had to be returned as aides, she replied that they did not and that they were teachers. She testified that the board had never appointed an administrative aide.

Among the exhibits in evidence at trial was a job description for the position of administrative aide, listing as qualifications a teacher's certificate, a master's degree or degree in progress, and three years' teaching experience. The duties of the position were described as entirely non-teaching.

Section 24—6.1 of the School Code requires that upon the expiration of a sabbatical leave and upon presentation of evidence satisfactory to the board showing compliance with the conditions of the leave, the teacher, principal or superintendent shall be returned to a position "equivalent" to that formerly occupied. Plaintiff contends that his assignment to a teaching position was not a return to an "equivalent" position. In this regard, "equivalent" has been defined as "to have equal power," "equal in force or amount," "like in signification or import," "equal in value," "corresponding or virtually identical, esp. in effect or function," or "equal in might or authority." Webster's Third New International Dictionary 769 (1971).

■■ ■ In our view, the legislature's use of the term "equivalent" is intended to afford the school board some measure of leeway in reassigning personnel after a sabbatical leave. Otherwise, they could have expressly required that a person be returned to exactly the same title and job. This the legislature apparently chose not to do. We find this choice of particular significance in construing section 24—6.1. The teacher tenure provisions have been held to be in derogation of the common law and, therefore, are required to be strictly construed in favor of the school district. *School Directors of District U-46 v. Kossoff* (1981), 95 Ill. App. 3d 26, 419 N.E.2d 658; *Johnson v. Board of Education* (1981), 85 Ill. 2d 338, 423 N.E.2d 903.

We note as well that an obvious purpose of section 24—6.1 is to encourage eligible personnel to take sabbatical leaves and thereby "to benefit the school system by improving the quality and level of experience of the teaching force." (Ill. Rev. Stat. 1979, ch. 122, par. 24—6.1.) Section 24—6.1 effectuates that purpose, *inter alia*, by guaranteeing that if eligible personnel accept and successfully complete sabbatical leaves, they will not be fired or demoted in consequence of their extended absence. Notably, plaintiff testified in the trial court that he would not have applied for a sabbatical had he realized that as a consequence he would no longer be an administrative aide; therefore, a strong argument suggests itself in plaintiff's behalf that the evil the legislature sought to remedy through section 24—6.1 has occurred in the instant case.

██ Nevertheless, we conclude that the doubt must be resolved in favor of the school board. Section 24—6.1 recognizes teachers, principals, and superintendents as such, but does not recognize any other classifications or any subdivisions of the groups named. Under section 24—6.1, plaintiff was a teacher and he still is. We are of the opinion that the trial court could therefore have properly determined that plaintiff's new assignment was a return to an "equivalent" position and that the legislature did not express an intent to forbid such reassignment. Consequently, we conclude that plaintiff has failed to demonstrate his entitlement to reinstatement as an administrative aide under section 24—6.1 of the School Code.

██ We next consider whether petitioner proved his entitlement to his former position under the 1978-1979 contract between the board of education and the teachers' union. Only part of that contract is included in this record. It states in pertinent part: "Teachers returning from a pre-arranged sabbatical leave shall be placed in the same room of the same school in which they were previously teaching * * *." We note that on its face this provision refers only to teachers who are actually teaching. It does not provide similar arrangements for other classes of personnel or for nonteaching teachers. This omission is particularly significant in light of the fact that plaintiff became an administrative aide in 1975. The parties to the contract therefore were aware of the existence of the position of administrative aide for a substantial period of time prior to the agreement embodied in the 1978-1979 contract. We believe these facts, in light of the references in the contract to "teachers" and "teaching," indicate that the parties did not intend to reach an agreement as to personnel who either were not teachers or who were teachers not actually engaged in teaching duties. Accordingly, we conclude that plaintiff has failed to show an abuse of discretion on the part of the trial judge in refusing to award an injunction based upon the contract.

██ While the parties suggest that plaintiff could have proved his entitlement to his former position based on "custom and practice" in District No. 189, we think it is sufficient answer to note that Principal Howell's testimony tended to show that there were exceptions made in the past to any such custom and practice. The trial court could properly have determined from that testimony that "custom and practice" to return aides as aides was not sufficiently established to support plaintiff's claims.

In summary, we have concluded that petitioner has failed to show an abuse of discretion by the trial court in denying the petition for injunction. Therefore, the judgment of the circuit court of St. Clair County is affirmed.

Affirmed.

KARNS, P. J., and HARRISON, J., concur.