ROBERT J. BART, Plaintiff-Appellant, v. BOARD OF EDUCATION OF THE CITY OF CHICAGO, Defendant-Appellee.

First District (5th Division)   No. 1—91—3631

Opinion filed December 17, 1993.

MURRAY, J., dissenting.

Spina, McGuire & Okal, P.C., of Elmwood Park (John D. Spina, of counsel), for appellant.

Ira E. Sholder, of Board of Education of the City of Chicago, of Chicago (Ted Goldsmith, of counsel), for appellee.

JUSTICE COUSINS delivered the opinion of the court:

Plaintiff, Robert J. Bart (Bart), appeals from the circuit court's order dismissing his complaint for failure to state a cause of action under section 2—615 of the Code of Civil Procedure (Ill. Rev. Stat. 1991, ch. 110, par. 2—615). Bart filed a three-count complaint against defendant, Board of Education of the City of Chicago (the Board), alleging that he had been wrongfully removed from his position as assistant principal and demoted to a teaching position without notice and an opportunity to be heard. Bart's complaint alleged that the Board's actions violated certain provisions of the School Code (Ill. Rev. Stat. 1981, ch. 122, pars. 34—84, 34—85), the due process clause of the fourteenth amendment, and the public policy of this State. The circuit court found that Bart had failed to state a cause of action and dismissed the complaint with prejudice.

## BACKGROUND

Bart was hired in September 1961 as a teacher at Waller High School. In April 1966, he was transferred to a guidance counselor position at Waller High School. Bart remained in that capacity until May 1970, at which time he was appointed to the position of assistant principal at Kelvyn Park High School. In August 1983, Bart was reassigned from his assistant principal position to a teaching position at Schurz High School and his salary was reduced. Bart was not given prior notification of the reassignment or an opportunity for a hearing.

At the time of his reassignment, Bart held a valid teacher's certificate. He did not hold a principal's certificate, and apparently no certificate existed for the position of assistant principal. The Board maintains that at the time in question, assistant principals were chosen from the ranks of teachers and had no more qualifications than any other teacher. In contrast, principals were required to pass a principal's exam and possess a valid principal's certificate. Bart does not dispute the Board's account of the appointment procedures.

## OPINION

In reviewing Bart's complaint, we accept as true all well-pleaded facts and reasonable inferences therefrom, but we need not accept conclusions or inferences that are not supported by specific factual allegations. (See *Knox College v. Celotex Corp.* (1981), 88 Ill. 2d 407, 426-27.) To state a cause of action, a complaint must be both legally sufficient and factually sufficient: it must set forth a legally recognized claim as its basis for recovery, and it must plead facts that bring the claim within the legally recognized cause of action alleged. *J. Eck & Sons, Inc. v. Reuben H. Donnelley Corp.* (1991), 213 Ill. App. 3d 510; *Lester v. Chicago Park District* (1987), 159 Ill. App. 3d 1054, 1057.

### I

Bart first contends that his reassignment violates sections 34—84 and 34—85 of the School Code. He argues that he achieved tenure in his position as assistant principal and, therefore, he could only be removed for cause following notice and a hearing. Section 34—84 provides in pertinent part:

"Appointments and promotions of teachers, principals and other educational employees shall be made for merit only, and after a satisfactory service for a probationary period of 3 years *** appointments of teachers and principals shall become permanent, subject to: *** (3) removal for cause in the manner provided by Section 34—85.

***

'Teachers and Principals' as used in this article means all members of the teaching force except the general *** superintendents and members of the board of examiners." (Ill. Rev. Stat. 1981, ch. 122, par. 34—84.)

Section 34—85 provides in relevant part:

"No teacher or principal appointed by the board of education shall (after serving the probationary period of 3 years specified in Section 34—84) be removed except for cause.

The board by a vote of a majority of its full membership must first approve a motion containing written charges and specifications presented by the general superintendent of schools. Such motion shall contain a request to the State Board of Education to schedule a hearing on these charges before an impartial hearing officer and to appoint such a hearing officer. A written copy of the motion shall be served upon the teacher or principal not more than 10 days after the adoption of the motion." Ill. Rev. Stat. 1981, ch. 122, par. 34—85.

The Board maintains that under the School Code, Bart only obtained tenure as a teacher and not as an assistant principal. The Board asserts that Bart was a teacher who was serving in an administrative position and as such he was only entitled to a position which a teacher is qualified to fill; he was not entitled to the particular position of assistant principal. According to the Board, since sections 34—84 and 34—85 refer only to "teachers and principals," an individual could not obtain tenure in the position of assistant principal; teachers obtained tenure as teachers, and principals obtained tenure as principals.

We note that the teacher tenure provisions of the School Code are in derogation of common law and must be strictly construed in favor of the school district. (*Johnson v. Board of Education of Decatur School District No. 61* (1981), 85 Ill. 2d 338, 344; *Illinois Education Association Local Community High School District 218 v. Board of Education of School District 218* (1975), 62 Ill. 2d 127, 130; *Thrash v. Board of Education, School District No. 189* (1982), 106 Ill. App. 3d 182, 186.) Our research has uncovered no cases specifically addressing whether sections 34—84 and 34—85 provide protection to individuals serving as assistant principals. However, decisions addressing similar provisions of the School Code lend support to the Board's position.

The most closely analogous case is *Thrash v. Board of Education*, 106 Ill. App. 3d 182. In *Thrash*, the court interpreted section 24—6.1 of the School Code, which provided that upon the expiration of a sabbatical leave, a teacher, principal or superintendent shall be returned to a position equivalent to that formerly occupied. (Ill. Rev.

Stat. 1979, ch. 122, par. 24—6.1.) The plaintiff had held a position of administrative aide before he went on sabbatical and was reassigned to a teaching position when he returned from sabbatical. In his position as administrative aide, plaintiff's duties were entirely administrative, and he functioned as principal or assistant principal in some situations. In contrast, as a teacher his duties were limited to teaching. The plaintiff argued that under the School Code he was entitled to be returned to a position as an administrative aide.

The court disagreed, finding that the statute required only that teachers be returned as teachers, principals as principals, and superintendents as superintendents. (*Thrash*, 106 Ill. App. 3d at 184, 187.) The court found it noteworthy that the statute did not refer to or recognize administrative aides or any other specific personnel classifications. (*Thrash*, 106 Ill. App. 3d at 184, 187.) The court concluded that under section 24—6.1, plaintiff was a teacher before he left for sabbatical and he remained a teacher after he returned. (*Thrash*, 106 Ill. App. 3d at 187.) Therefore, he had obtained all that he was entitled to under the School Code.

■ The reasoning of *Thrash* is equally applicable here. Section 34—84 provides that *teachers and principals* become permanent employees after three years, and section 34—85 provides that *teachers and principals* shall be removed only for cause. Nowhere in these provisions do the words "assistant principal" appear. We note that section 34—84 defines "teachers and principals" as all members of the teaching force. (Ill. Rev. Stat. 1981, ch. 122, par. 34—84.) However, section 34—85 does not contain this definition, but instead provides only that "no *teacher or principal* *** shall *** be removed except for cause." (Emphasis added.) (Ill. Rev. Stat. 1981, ch. 122, par. 34—85.) Although the definition in section 34—84 creates some ambiguity within the statute, doubts are to be resolved in favor of the Board. (See *Thrash*, 106 Ill. App. 3d at 187.) If the legislature wanted to provide tenure to assistant principals, it could easily have done so by inserting the words "assistant principal" into the statute. It did not do so, and we will not read them into the statute. Moreover, Bart was certified only as a teacher; he was not certified as a principal and could not be certified as an assistant principal. We conclude that under the School Code he obtained tenure as a teacher, not as an assistant principal.

Decisions construing other sections of the School Code have reached similar results. (See, *e.g.*, *Hicks v. Board of Education for School District 189* (1979), 77 Ill. App. 3d 974, 977; *Newby v. Board of Education, Lake Zurich Community Unit School District No. 95* (1977), 53 Ill. App. 3d 835; *Danno v. Peterson* (N.D. Ill. 1976), 421 F.

Supp. 950.) Under section 24—11 of the School Code, it has been held that a person serving in an administrative capacity in a school enjoys no property interest in his position as administrator as would require a due process hearing prior to his reassignment to a regular teaching position. (See *Hicks*, 77 Ill. App. 3d at 977; *Danno*, 421 F. Supp. 950.) Section 24—11 provides in relevant part:

"As used in this and the succeeding Sections of this Article, 'teacher' means any or all school district employees regularly required to be certified under laws relating to the certification of teachers \*\*\*. \*\*\*

Any teacher who has been employed in any district as a full-time teacher for a probationary period of 2 consecutive school terms shall enter upon contractual continued service unless given written notice of dismissal stating the specific reason therefor \*\*\*. \*\*\*

\* \* \*

\*\*\* Contractual continued service status shall not restrict the power of the board to transfer a teacher to a position which the teacher is qualified to fill or to make such salary adjustments as it deems desirable, but unless reductions in salary are uniform or based upon some reasonable classification, any teacher whose salary is reduced shall be entitled to a notice and a hearing as hereinafter provided in the case of certain dismissals or removals." Ill. Rev. Stat. 1977, ch. 122, par. 24—11.

Similarly, in *Newby* (53 Ill. App. 3d 835), this court held that a tenured teacher had no property interest in her position as guidance counselor. In *Newby*, we held that a teacher or other certified school district employee does not acquire tenure in any particular assignment or position within the district, but only as a certified employee of the school district. *Newby*, 53 Ill. App. 3d at 837.

In light of the various cases interpreting the School Code and our obligation to strictly construe the School Code in favor of the Board, we are persuaded that Bart did not obtain tenure as an assistant principal. Therefore, the trial court correctly held that Bart failed to state a claim for wrongful removal from his position.

## II

Bart next contends that his removal from his position as assistant principal constituted a deprivation of property without due process in violation of the fourteenth amendment of the United States Constitution (U.S. Const., amend. XIV).

■ In order to be afforded due process based on a property right, plaintiff must establish a "legitimate claim of entitlement" to that

property right. (*Board of Regents v. Roth* (1972), 408 U.S. 564, 577, 33 L. Ed. 2d 548, 561, 92 S. Ct. 2701, 2709.) The sufficiency of the claim of entitlement is determined by reference to State law. (See *Bishop v. Wood* (1976), 426 U.S. 341, 344, 48 L. Ed. 2d 684, 690, 96 S. Ct. 2074, 2077; *Board of Regents*, 408 U.S. at 577, 33 L. Ed. 2d at 561, 92 S. Ct. at 2709.) In the instant case, Bart's claim of entitlement is founded solely on sections 34—84 and 34—85 of the School Code. As we determined above, these provisions do not create a right to continued employment in the position of assistant principal. The Supreme Court has held that the fourteenth amendment's guarantee of due process does not protect an employee's expectation of continued employment when that expectation is based upon a mistaken understanding of State law, regardless of how reasonable that understanding may be. (See *Bishop*, 426 U.S. 341, 48 L. Ed. 2d 684, 96 S. Ct. 2074; *Smith v. Board of Education of Urbana School District No. 116* (7th Cir. 1983), 708 F.2d 258, 264.) Therefore, the trial court did not err in holding that Bart failed to state a cause of action for deprivation of property in violation of the due process guarantees of the fourteenth amendment.

### III

Finally, Bart contends that the trial court erred when it failed to fashion a remedy for him pursuant to article I, section 12, of the Illinois Constitution (Ill. Const. 1970, art. I, § 12).

■ Section 12 of article I provides:

> "Every person shall find a certain remedy in the laws for all injuries and wrongs which he receives to his person, privacy, property or reputation. He shall obtain justice by law, freely, completely, and promptly." (Ill. Const. 1970, art. I, § 12.)

Bart's final claim is unavailing. Section 12 cannot aid Bart; it has been construed as an expression of philosophy and does not mandate the creation of an action and remedy where one did not formerly exist. See *Wheeling Trust & Savings Bank v. Tremco Inc.* (1987), 153 Ill. App. 3d 136, 144; *Favata v. Rosenberg* (1982), 106 Ill. App. 3d 572, 574.

For all of the foregoing reasons, the judgment of the trial court is affirmed.

Affirmed.

GORDON, P.J., concurs.

JUSTICE MURRAY, dissenting:

The majority may be correct that the Illinois School Code affords no relief to an assistant principal who, despite over three years' service, is unjustly removed from that position and assigned a less remunerative role. I do not agree with the majority's conclusion that the fourteenth amendment of the United States Constitution is not applicable to Bart's cause.

In *Cleveland Board of Education v. Loudermill* (1985), 470 U.S. 532, 84 L. Ed. 2d 494, 105 S. Ct. 1487, it was claimed that Loudermill, a board of education security guard, had no State property rights because he obtained his job by lying on his application. The United States Supreme Court held that the security guard may not have State property rights in his job, but he or she does have fourteenth amendment due process rights, saying:

> "While the legislature may not elect to confer a property interest in [public employment], it may not constitutionally authorize the deprivation of such interest, once conferred, without appropriate procedural safeguards." *Arnett v. Kennedy* (1974), 416 U.S. 134, 167, 40 L. Ed. 2d 15, 40-41, 94 S. Ct. 1633, 1650 (Powell, J., concurring).

I think Bart, as an assistant principal, has the same United States constitutional rights of due process as a Cleveland security guard. I would reverse and remand for a due process hearing on the serious charges of discriminatory conduct reflected in Bart's complaint.