RICHARD G. FALATO, Plaintiff-Appellant, v. TEACHERS' RETIRE-
MENT SYSTEMS OF THE STATE OF ILLINOIS, Defendant-Appellee.

First District (1st Division)   No. 1—88—3493

Opinion filed January 28, 1991.

David S. Morris and Frederick J. Sentman, both of Chicago, for appellant.

Winston & Strawn, of Chicago (Stephen S. Morrill, of counsel), for appellee.

JUSTICE O'CONNOR delivered the opinion of the court:

Richard G. Falato appeals from a judgment of the circuit court of Cook County which affirmed the Teachers' Retirement System of the State of Illinois' (the TRS') decision denying pension service credit for the 1962-65 school years when Falato was employed by a private corporation.

At the administrative hearing, Falato, appearing *pro se*, and the TRS staff, represented by counsel, presented the following as agreed facts: (1) that during the 1962-63, 1963-64 and 1964-65 school years, Falato was employed by Music Educational Services, Inc. (MESI), a

private corporation; (2) that for those school years, he was assigned to the Midlothian Elementary Public School District 143 (the District) in Midlothian, Illinois, and worked full time as the director of the school's band program; and (3) that Falato was a certified teacher during those school years.

Additionally, Falato and the TRS provided the following statutes to the board as the applicable law. The first statutory provision was section 16—106(1) of the Illinois Pension Code (Ill. Rev. Stat. 1987, ch. 108½, par. 16—106(1)), which states:

"Teacher. 'Teacher': The following individuals, provided they are employed on a full-time basis, or if not full-time, on a permanent and continuous basis in a position in which services are expected to be rendered for at least one school term:

(1) Any educational, administrative, professional or other staff employed in the public common schools included within this system in a position requiring certification under the law governing the certification of teachers." (Ill. Rev. Stat. 1987, ch. 108½, par. 16—106(1).)

Also section 16—127(a)(3) (Ill. Rev. Stat. 1987, ch. 108½, par. 16—127(a)(3)) was provided, which states:

"Creditable service—computation of credits.

(a) The following periods of service shall be considered creditable service, and each member shall receive credit for all such service for which satisfactory evidence is supplied, as of the dates specified:

* * *

(3) Service in a capacity essentially similar or equivalent to that of a teacher, in the public common schools in school districts in this State not included within the provisions of this system, or of any other State, territory, dependency or possession of the United States, or in schools operated by or under the auspices of the United States, or under the auspices of any agency or department of any other State, and service during any period of professional speech correction or special education experience for a public agency on a full or part-time basis within this State or any other State, territory, dependency or possession of the United States, for a period not exceeding the lesser of ⅖ of the total creditable service of the member or 10 years * * *." (Ill. Rev. Stat. 1987, ch. 108½, par. 16—127(a)(3).)

Further, Falato submitted two letters for the TRS Board to consider at the administrative hearing. The first letter was written by the MESI president, which stated that Falato was employed as a mu-

sic teacher by MESI during the 1962-65 school years; that pursuant to a MESI/District 143 contract, he was assigned to the District; and that Falato worked full time as the District's band program director. The second letter was written by the District's superintendent, which stated that during the relevant time, Falato was not on the District's payroll but that Falato worked full time as the District's music teacher from 1962-65.

At the administrative hearing, Falato contended that he should be granted credit for 1962-65 because he was a certified teacher working in the public common schools. He stated that he felt that it was a mere technicality that he was not working directly for the district but rather that the school board paid the association and that the association paid him; that the rules can be bent a little; that as teachers, they need to look out for each other; that he would like credit for the three years because it would help him financially; and that MESI contributed on his behalf to social security. Moreover, Falato admitted that he understood, according to the law, that he would not get service credit; that he was asking the TRS Board to "bend the law"; and that he knew what the law was, but as teachers they had to help each other.

The TRS' position was that employment as a teacher through a private corporation has never been creditable with the system, and that TRS service credit is attained by a member who is employed to provide teaching services by a public school or State agency.

Subsequently, the TRS Board issued its administrative decision denying Falato service credit because Falato was not a "teacher" according to statute.

Thereafter, Falato sought administrative review in the circuit court of Cook County. In the circuit court, Falato's attorney argued that the TRS Board applied an erroneous statutory definition of "teacher." Falato's attorney contended that section 16—106(a) (Ill. Rev. Stat. 1963, ch. 108½, par. 16—106(a)) should have been applied, which states:

> "Any teacher, teacher-secretary, substitute teacher, supervisor, principal, supervising principal, superintendent or assistant superintendent, business manager, school nurse, or librarian who teaches or is employed in the public common schools included within this system on a full-time basis and who is certified under the law governing the certification of teachers ***."

(Ill. Rev. Stat. 1963, ch. 108½, par. 16—106(a).)

After hearing the parties' arguments, the trial court affirmed the judgment of the TRS Board denying Falato service credit for 1962-65. Falato appeals.

For the reasons set forth below, we affirm the judgment of the circuit court.

■■ ■ Under the Administrative Review Act (Act), the circuit court has the power to review any final administrative decision and to consider all questions of law and fact presented by the entire record before the court. (Ill. Rev. Stat. 1987, ch. 110, par. 3—110.) The Act also provides that the circuit court has the authority to "affirm or reverse the decision [of the administrative agency] in whole or in part." (Ill. Rev. Stat. 1987, ch. 110, par. 3—111(a)(5).) It is well settled in Illinois that the decision of an administrative agency will only be reversed if it is legally erroneous or factually against the manifest weight of the evidence. (*Saipe v. Public School Teachers' Pension & Retirement Fund* (1986), 144 Ill. App. 3d 735, 738, 494 N.E.2d 664.) Falato argues that the TRS Board's and the circuit court's decisions were legally erroneous. In particular, Falato contends that the applicable definition of "teacher" for purposes of service credit eligibility included him during the 1962-65 school years.

■ Our analysis begins with an examination of the relevant laws in effect during the 1962-65 school years. For the 1962-63 school year, laws relating to teachers' pension eligibility were contained in section 25 of the School Code. (Ill. Rev. Stat. 1961, ch. 122, par. 1 *et seq.*) The applicable definition of "teacher" stated:

> " 'Teacher' means any teacher, teacher-secretary, substitute teacher, supervisor, principal, supervising principal, superintendent or assistant superintendent, business manager, school nurse, or librarian *who teaches or is employed in the public common schools* in school districts included within the provisions of this retirement system on a full-time basis and who is certified under the law governing the certification of teachers ***." (Emphasis added.) Ill. Rev. Stat. 1961, ch. 122, par. 25—4.

■ In 1963, section 25 of the School Code was repealed by section 23 of the Illinois Pension Code (Ill. Rev. Stat. 1963, ch. 108½, pars. 23—101, 23—102). However, the definition of "teacher" originally contained in section 25 of the School Code was recodified *verbatim* in section 16—106(a) of the Illinois Pension Code (Ill. Rev. Stat. 1963, ch. 108½, par. 16—106(a)). In recodifying the definition of "teacher" and other provisions originally contained in the School Code, the Illinois Pension Code expressly stated that it "shall grant

no lesser or greater rights, credits, equities, pensions or other benefits than existed under such Acts or parts of Acts so repealed and incorporated *** except as they may be changed hereafter by specific amendment to this Code." (Ill. Rev. Stat. 1963, ch. 108½, par. 23—101.) Therefore, whatever "teacher" meant under the School Code, its meaning was not altered by its recodification in the Illinois Pension Code.

Falato argues that "teacher" as defined in the Illinois Pension Code (and, by implication, in the School Code) includes any certified teacher who teaches in Illinois public common schools, *whether or not such teacher is actually employed by an Illinois school district.* Falato bases his interpretation on the use of the words "teaches or is employed in the public common schools," asserting that the implication created therefrom is that only one of the two criteria need be met, *i.e.,* that a teacher need only teach in *or* be employed in the public common schools. Since Falato taught in public common schools, he argues that he need not have also been an employee of the public common schools. On the basis of this interpretation, Falato contends that he is entitled to service credit for the 1962-65 school years, even though he was in fact an employee of and compensated by MESI, rather than the school district.

■ We disagree with Falato's interpretation of section 25 of the School Code and section 16—106(a) of the Illinois Pension Code. While the language of section 25 of the School Code and section 16—106(a) of the Illinois Pension Code is arguably ambiguous, we find that use of the words "teaches or is employed by" was *not,* as Falato contends, intended to distinguish between teachers who are employees in the public common schools and teachers who are not employees but who nevertheless render teaching services in the public schools. Rather, such words were intended to distinguish between persons rendering actual teaching services and certain other persons (such as principals, librarians, school nurses, etc.) who, while not "teachers" in the traditional sense, nevertheless were to be accorded similar rights under the Pension Code.

In any event, the foregoing ambiguity was expressly and retroactively resolved by the Illinois legislature in 1984 when it amended the Illinois Pension Code. As amended, section 16—106(1) (which replaces section 16—106(a) of the Illinois Pension Code) defines "teacher" to include "any educational, administrative, professional or other staff *employed in the public common schools* included within this system in a position requiring certification under the law governing the certification of teachers." (Emphasis added.) (Ill. Rev. Stat. 1987, ch. 108½,

par. 16—106(1).) Therefore, under the revised definition, an individual must actually be employed in the public common school system in order to qualify as a "teacher" and, therefore, to be eligible for service credit.

■ ■ As a general matter, "[w]ithout an express statutory provision stating an act is to have retroactive effect, it can only be applied prospectively." (*Village of Wilsonville v. SCA Services, Inc.* (1981), 86 Ill. 2d 1, 18, 426 N.E.2d 824.) However, where an amendment merely clarifies existing law, the foregoing proposition does not apply, and the amendment applies retroactively. (*Continental Illinois National Bank & Trust Company v. Lenckos* (1984), 102 Ill. 2d 210, 220, 464 N.E.2d 1064, *cert. denied* (1984), 469 U.S. 918, 83 L. Ed. 2d 231, 105 S. Ct. 296; see also *Rivard v. Chicago Fire Fighters Union, Local No. 2* (1988), 122 Ill. 2d 303, 309-10, 522 N.E.2d 1195, *cert. denied* (1988), 488 U.S. 909, 102 L. Ed. 2d 250, 109 S. Ct. 262.) The legislative history of the 1984 House Bill amending the Illinois Pension Code clearly manifests the legislature's intention that the changes "makes [*sic*] numerous *clarifying and simplifying* and other technical changes and removes obsolete material" and that "the Bill *contains no substantive changes*." (Emphasis added.) (83rd Ill. Gen. Assem., House Proceedings, May 18, 1984, at 2-3 (Statements of Representative Terzich).) While the legislative history is not determinative, it nevertheless may support a finding of retroactivity. See *Lenckos*, 102 Ill. 2d at 220.

■ On the basis of both the legislative history and our review of the various definitions of "teacher" contained in the School Code, the Illinois Pension Code and the 1984 House Bill, we find that the 1984 amendment to section 16—106(a) of the Illinois Pension Code was merely a clarification of the definition of "teacher" and therefore applied retroactively. Accordingly, since Falato was not employed by the school district during the relevant period, he was not entitled to service credit for such period.

Consequently, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

MANNING, P.J., and CAMPBELL, J., concur.